IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOEY TORRES,
   Plaintiff,

vs.            3:10cv121/LAC/MD

DR. YU, et al.
   Defendants.

## O R D E R

   This cause is before the court upon referral from the clerk. Plaintiff initiated this case by filing a civil rights complaint pursuant to Title 42 U.S.C. §1983 in April of 2010. He was directed to amend the complaint, which he did, and the amended complaint was filed on September 23, 2010. The magistrate judge reviewed the complaint and found that it was still legally deficient. A detailed order was entered on October 29, 2010, and the plaintiff was directed to either file a notice of voluntary dismissal or a second amended complaint within twenty-eight days. (Doc. 13). Plaintiff's motion for extension of time to comply was granted, and he was directed to file his amended complaint (or motion for voluntary dismissal) on or before January 7, 2011. He failed to do so, and he subsequently failed to respond to the order to show cause entered on January 26, 2011. (Doc. 20). Failure to comply with the court's order is a sufficient ground to justify dismissal of this case. Additionally, the complaint is substantively subject to dismissal for failure to state a claim.[1]

---

[1] Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B).

Plaintiff, an inmate incarcerated in the Florida Department of Corrections, sues Dr. Albert Yu of Century Correctional Institution ("CCI") and Dr. Ong, of Lake Butler Regional Medical Center ("RMC").[2] Plaintiff alleges in his amended complaint that in May of 2008, he was involved in a fight at CCI. He was transferred to the RMC where x-rays were taken of his jaw and right hand. He had surgery on his jaw, and in July 2008 returned to CCI without having had surgery on his right hand although his hand was both disfigured and painful. Plaintiff asserts that Dr. Yu denied him pain medication despite his complaints and despite having access to x-rays that provided an objective basis for the pain of which plaintiff complained. Instead Dr. Yu had plaintiff sign a form requesting his return to the RMC. Plaintiff was transferred back and forth between CCI and RMC again until in September of 2008, Dr. Ong performed surgery on plaintiff's hand. In October of 2008, plaintiff was transferred back to CCI with surgical pins still in his hand. CCI staff told him that they would not be able to treat him properly.

Plaintiff's hand subsequently became infected "due to medical negligence," and in November of 2008 he was transferred back to RMC. At that time Dr. Ong removed pins from plaintiff's hand. Plaintiff requested therapy for his hand, but only had a single therapy treatment in January of 2009 after filing a grievance about the matter. He was transferred to Jefferson Correctional Institution in February of 2009. Plaintiff asserts that he has received no further treatment for his hand and complains that he has suffered permanent disfigurement due to "medical negligence." He claims that due to his status as an inmate he did not receive proper medical treatment in violation of the Equal Protection Clause, and that Dr. Yu and Dr. Ong violated his Eighth Amendment rights due to their negligence. He indicates that he sues the two doctors in their individual and official capacities, and seeks declaratory and monetary relief.

Plaintiff repeatedly complains of "negligence" and "medical negligence" as the basis for his claim. (Doc. 12, statement of facts ¶¶ 13, 17, continuation of statement of claim ¶¶ 2, 4, 8). Plaintiff was advised in some detail about the legal standards applicable to Eighth

---

[2]"Prison Health Care Services" is listed as a defendant on the first page of the complaint form, but is not listed in Section II.

Amendment claims in the magistrate judge's orders. (Doc. 10 & 13). The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined." *Hellig v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (citations omitted)).

Relevant to the most current complaint, it is undisputed that "not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285 (1976); *Farrow,* 320 F.3d at 1243. The *Estelle* court went on to say that inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 105-06; *Farrow,* 320 F.3d at 1243.

To state a claim for a violation of the Eighth Amendment arising out of allegedly inadequate medical care, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow, supra; Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). First, the plaintiff must allege an "objectively serious deprivation" of medical care, which requires (1) "an objectively serious medical need ... that, if left unattended, pos[es] a substantial risk of serious harm," and (2) that the state actor's response "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligen[ce] in diagnosi[s] or treat[ment], or even [m]edical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). (alterations in original).

In addition to the objective component, plaintiff must establish the state actor's subjective intent to punish by pleading facts that would show that the defendant acted with deliberate indifference. *Taylor*, 221 F.3d at 1258. A prisoner may allege deliberate indifference by pleading: (1) the actor's "subjective knowledge of a risk of serious harm;" (2) the actor's "disregard of that risk;" and (3) "conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

As noted above, plaintiff has repeatedly indicated that his claimed injury results from the alleged negligence of the two defendant doctors. Negligence, while perhaps actionable under state law, does not provide the basis for stating an actionable constitutional violation under 42 U.S.C. § 1983. Plaintiff's failure to allege any malice, ill will, subjective intent to punish or cause distress, or anything similar on the part of either of the two named defendants defeats his Eighth Amendment claim.

Plaintiff also asserts in his statement of claims that his right to equal protection of the law was violated by the defendants' actions. To establish an equal protection claim, a prisoner must demonstrate that (1) "he is similarly situated with other prisoners who received" more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Sweet v. Secretary, Dept. Of Corrections,* 467 F.3d 1311 (11th Cir. 2006) (citing *Jones v. Ray,* 279 F.3d 944, 946-947 (11th Cir. 2001); *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)); see also *Smith v. Regional Director of Florida Department of Corrections*, 368 Fed.Appx.9 (11th Cir. 2010). Plaintiff did not set forth any facts in support of his allegations. His conclusory assertion that had he not been a prisoner he would have been treated differently does not suffice. Even a liberal interpretation of this pro se pleading does not reveal any factual basis for an equal protection claim. *Jones v. Ray,* 279 F.3d 944, 946-947 (11th Cir. 2001). This claim is properly dismissed.

Accordingly, it is ORDERED:

Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(ii) for failure to state an actionable federal constitutional claim and for his failure to prosecute or comply with an order of this court.

The clerk is directed to close the file.

**ORDERED** on this 16th day of February, 2011.

                                                  s/ *L.A. Collier*
                                                  Lacey A. Collier
                                      Senior United States District Judge